# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TIJUANA FLATS RESTAURANTS, LLC, *et al*,[1] | ) | Case Nos.  3:24-bk-1122-BAJ |
| | ) | and  3:24-bk-1128-BAJ |
| Debtors. | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered Under |
| _____ | ) | Case No. 3:24-bk-1128-BAJ |
| | | |
| TIJUANA FLATS RESTAURANTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No.: |
| | ) | |
| PUSH, INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Plaintiff, Tijuana Flats Restaurants, LLC ("Plaintiff"), sues defendant, Push, Incorporated, ("Defendant"), and alleges:

---

[1] The Federal Employer Identification Number of the Debtor is 47-4472442.  The principal address of the Debtor is 2300 Maitland Center Parkway, Suite 306, Maitland, Florida 32751.

**Nature of the Case**

1.      This is an adversary proceeding commenced pursuant to §§ 547 and 550 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover preferential transfers made by Plaintiff to or for the benefit of Defendant within the ninety (90) day period preceding the commencement of the bankruptcy case.

2.      In addition, Plaintiff seeks to disallow or limit, pursuant to §§ 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against Plaintiff or that has been scheduled for Defendant.  Plaintiff does not waive but hereby reserve all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in §§ 502(a) through (j) of the Bankruptcy Code.

**Jurisdiction and Venue**

3.      Pursuant to 28 U.S.C. §§ 157 and 1334, the Court has subject matter jurisdiction of this adversary proceeding, which arises in, and relates to, a case under Title 11, in the United States Bankruptcy Court for the Middle District of Florida (the "Court") captioned *In re Tijuana Flats Restaurants, LLC, et al.*; Case No.:  3:24-bk-1728-BAJ.

4.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b).  Plaintiff consents to entry of a final order and judgment by the Court.

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Rule 1071-1 of the United States Bankruptcy Court for the Middle District of Florida.

6.      Pursuant to Bankruptcy Code §§ 547, 550, 1106 and 1107, Plaintiff is authorized and has standing to pursue this avoidance action.

**Background and Parties**

7.      On April 19, 2024 (the "Petition Date"), Plaintiff filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

8.      Plaintiff continues in possession of its properties and is managing its business, as a debtor in possession, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

9.      During the ninety (90) days before and including the Petition Date (the "Preference Period"), Plaintiff continued to operate its business, including the transfer of money, either by checks, cashier's checks, wire transfers, ACH transfers, credit card payments, direct deposits or otherwise to various entities.

10.     Upon information and belief, Defendant is a Florida corporation with its principal place of business in Orlando, Florida.  Defendant is a marketing company that provided content for social media and managed Plaintiffs' online presence pursuant to a marketing agreement.

11.     Due to the financial difficulties Plaintiff experienced prior to the Petition Date, Plaintiff was unable to pay the balances due to Defendant under their contractual relationship in a timely fashion.

12.     On the Petition Date, Defendant claims it was owed $76,433.61 on account of a marketing agreement with Plaintiff (the "Defendant's Claim").

13.     During the preference period, Defendant received payments totaling $85,898.06 from Plaintiff.   A schedule reflecting payments made within the Preference Period is attached as **Exhibit A**.

## Count One

### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

14.     Plaintiff hereby incorporate and reallege the allegations in paragraphs 1 through 13.

15.     During the Preference Period, Plaintiff made Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on **Exhibit A** hereto.

16.     The Transfers constituted a transfer of an interest in property of Plaintiff.

17.     Defendant was a creditor of Plaintiff at the time of the Transfers were made.

18.     The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt or debts then owed by Plaintiff to Defendant.

19.     The Transfers were made for, or on account of, an antecedent debt or debts owed by Plaintiff to Defendant before such Transfers were made, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Plaintiff.

20.     The Transfers were made while Plaintiff was insolvent.

21.     As a result of the Transfers, Defendant received more than Defendant would have received if: (i) Plaintiff's bankruptcy case was a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.

22.     As a result, the Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## Count Two

### (Recovery of Avoidable Transfers – 11 U.S.C. § 550)

23.     Plaintiff hereby incorporates and realleges the allegations in paragraphs 1 through 13 and 15 through 21.

24.     Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b) (the "Avoidable Transfers").

25.     Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

26.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

## Count Three

### (Disallowance of Claims – 11 U.S.C. § 502(d) and (j))

27.     Plaintiff hereby incorporates and realleges the allegations in paragraphs 1 through 13 and 15 through 21.

28.     Defendant is a transferee of transfers avoidable under §§ 547 of the Bankruptcy Code, which property is recoverable under § 550 of the Bankruptcy Code.

29.     Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

30.     Pursuant to 11 U.S.C. § 502(d), Defendant's claim (Claim No. 148) must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

## Relief Requested

WHEREFORE, Plaintiff prays that this Court grant the following relief against Defendant:

A.     On Plaintiffs' First and Second Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the initiation of this action at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.     On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing Claim No. 148 until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C.     Granting Plaintiff such other relief as this Court may deem just and proper.

Dated:  August 8, 2024

<div style="margin-left: 45%;">

**THAMES | MARKEY**

*/s/ Richard R. Thames*
By _____
    Richard R. Thames
    Bradley R. Markey

Florida Bar No. 0718459
Florida Bar No. 0984213
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 Facsimile
rrt@thamesmarkey.law
brm@thamesmarkey.law

Attorneys for Tijuana Flats Restaurants, LLC

</div>

**<u>EXHIBIT A</u>**
**(Payments Made to Push, Incorporated)**

| Date of Payment | Amount Paid |
|---|---|
| 02/08/2024 | $26,900.78 |
| 02/29/2024 | $875.00 |
| 02/29/2024 | $247.28 |
| 02/29/2024 | $19,750.00 |
| 03/13/2024 | $17,500.00 |
| 04/04/2024 | $19,750.00 |
| 04/14/2024 | $875.00 |
| **Total Paid:** | **<u>$85,898.06</u>** |